**YEI FU XU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–41215–AG.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Nicholas Vassallo, Assistant United States Attorney, (Matthew H. Mead, United States Attorney for the District of Wyoming, on the brief), Cheyenne, Wyoming, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Xu, a native and resident of China, petitions for review from the denial of asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion.

See *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

In this case, the IJ noted several problems with Xu's testimony, including material inconsistencies, which Xu failed to adequately explain. (1) Xu testified in his initial hearing that he and his wife left China in 1990, spent time in Thailand and Burma, and then arrived in the United States, but at the subsequent hearing, he claimed that he and his wife returned to China after going to Burma in 1990, and that he left China alone in 1992 to come to the United States. (2) Xu testified that *before* traveling to Burma, he and his wife stayed at a hotel in Quan Son, yet his wife testified that they stayed at the hotel in Quan Son, *after* they returned from Burma. While inconsistencies such as these might normally be considered immaterial, here they go to the heart of Xu's claim because they are critical to his account of his wife's sterilization. (3) At the initial hearing, Xu testified that his wife had not been sterilized in China, but at the subsequent hearing, Xu testified that she had. Xu admitted that he knew about his wife's sterilization at the first hearing, and claimed that he lied so his testimony would not contradict his initial asylum application. (4) Xu testified that before he left China in 1992, the family planning authorities were not seeking his wife out for sterilization because she had poor health, yet Xu's wife testified that the authorities were seeking to sterilize her since 1990. Furthermore, Xu's wife never indicated that she ever suffered from poor health.

Xu argues that many of these inconsistencies can be explained, but he fails to show that a reasonable factfinder would be compelled to credit his explanations. See *Zhou Yun Zhang v. INS*, 386 F.3d 66, 78

900

(2d Cir.2004). Further, while the IJ appears to have mischaracterized Xu's testimony at one point in his decision, this is a minor error that does not require remand because the evidence so overwhelmingly supports the IJ's adverse credibility finding. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).